Adam D. Swain (CA Bar No. 257687)
E-mail: adam.swain@alston.com
**ALSTON & BIRD LLP**
950 F St NW
Washington, D.C. 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333

*Attorney for Defendants Glas, Inc. and Glas, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUUL LABS INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GLAS INC., et al.<br><br>　　　　Defendants. | Case No. 2:25-cv-09331-CV-RAO<br><br>**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED ANSWER TO THE COMPLAINT

### I.    INTRODUCTION[1]

1.    Glas, Inc. and Glas, LLC (collectively, "Glas" or "Defendants") admit that JUUL Labs, Inc. ("JLI") and VMR Products LLC ("VMR") (collectively, "Plaintiffs" or "JUUL") purport to bring a complaint for patent infringement under Title 35 of the United States Code, but denies that it has committed any act of infringement. Defendants admit that Exhibit Q to the Complaint purports to be U.S. Patent No. 11,134,722 (the "'722 patent) and Exhibit S to the Complaint purports to be U.S. Patent No. 11,606,981 (the "'981 patent") (collectively, the "Asserted Patents"). Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 1, and therefore deny them. Except as expressly admitted, denied.

2.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 2, and therefore deny them.

3.    Defendants admit that Paragraph 3 purports to reference a webpage, which webpage speaks for itself. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 3, and therefore deny them.

4.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 4, and therefore deny them. To the extent Paragraph 4 contains allegations that Defendants unlawfully use Plaintiffs' patented technology, Defendants deny those allegations.

5.    Defendants deny that they have committed any act of infringement of any valid patent right of Plaintiffs', including the Asserted Patents. Defendants admit that the Complaint purports to list certain ITC investigations. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining

---

[1] Defendants utilize the outline headings used in Plaintiffs' Complaint (Dkt. 1) for convenience. To the extent these headings and sub-headings contain allegations, Defendants deny them.

allegations of Paragraph 5 and therefore deny them. Except as expressly admitted, denied.

6.    Denied.

7.    Defendants admit that the Complaint purports to assert infringement of claims 1, 3, 5, and 7-21 of the '722 Patent and claims 1, 2, 5, 6, 8-11, and 13-18 of the '981 Patent but denies that Defendants have committed any act of infringement of any valid patent right of Plaintiffs', including the Asserted Patents. Except as expressly admitted, denied.

## II.    THE PARTIES

### A. Plaintiffs

8.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 8, and therefore deny them.

9.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny them.

10.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 10, and therefore deny them.

### 1. JLI'S History

11.    Defendants admit that Paragraph 11 purports to cite a webpage of the World Health Organization, which webpage speaks for itself. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore deny them. Except as expressly admitted, denied.

12.    Defendants admit that Paragraph 12 purports to cite webpages from cancer.org and the Center for Disease Control, which webpages speak for themselves. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore deny them. Except as expressly admitted, denied.

13.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

14.    Defendants admit that Paragraph 14 purports to cite webpages of the Food and Drug Administration, which webpages speak for themselves. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 14, and therefore deny them. Except as expressly admitted, denied.

15.    Defendants admit that Paragraph 15 sets forth Plaintiffs' plain English description of early ENDS products. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore deny them. Except as expressly admitted, denied.

16.    Defendants admit that Paragraph 16 cites to webpages of Wired, which webpages speak for themselves. Defendants admit that Paragraph 16 sets forth Plaintiff's plain English description of early cigarette alternatives. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore deny them. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 16.

17.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny them.

18.    Denied.

19.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny them.

**2. The JUUL System**

20.    Defendants deny that the JUUL System presents a transformative design and operation which were unique advancements over previous ENDS products. To the extent Paragraph 20 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patents, Defendants deny the same. Defendants lack sufficient knowledge to form a belief

3

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

as to the truth of the remaining allegations of Paragraph 20 and therefore deny them.

21.    Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 21 and therefore deny them. To the extent Paragraph 21 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patent, Defendants deny the same.

22.    Defendants admit that Paragraph 22 purports to include images of JUUL products, which images speak for themselves. To the extent Paragraph 22 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patents, Defendants deny the same. Defendants deny any remaining allegations of Paragraph 22.

23.    Defendants deny that the JUUL System "employs a unique form factor that represents a stark departure from prior conventional thinking about ENDS product design and from contemporary industry norms." Defendants admit that Paragraph 23 cites to certain webpages, which webpages speak for themselves. To the extent Paragraph 23 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patents, Defendants deny the same. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations of Paragraph 23 and therefore deny them.

24.    Defendants admit that Paragraph 24 purports to include images of JUULpod cartridges, which images speak for themselves. Defendants admits that Paragraph 24 contains Plaintiffs' own description of its JUULpod cartridges. To the extent Paragraph 24 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patents, Defendants deny the same. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 24.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

25.     Defendants admit that Paragraph 25 purports to include images of JUULpod cartridges, which images speak for themselves. Defendants admits that Paragraph 25 contains Plaintiffs' own description of its JUULpod cartridges. To the extent Paragraph 25 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patents, Defendants deny the same. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 25.

26.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 26 and therefore deny them.

27.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 27 and therefore deny them. To the extent Paragraph 27 contains allegations that Defendants infringe any valid patent right of Plaintiffs, Defendants deny the same.

28.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 28 and therefore deny them.

### 3. VMR

29.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 29 and therefore deny them.

30.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 30 and therefore deny them.

### B. Defendants Glas, Inc. and Glas, LLC

31.     Defendants admit that Glas, Inc. is a Delaware corporation, but denies it has a principal place of business at 2127 Westwood Boulevard, Suite 200, Los Angeles CA 90025. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 31.

32.     Defendants admit that Glas, LLC is a California limited liability company but denies it has a principal place of business at 2127 Westwood

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

Boulevard, Suite 200, Los Angeles, CA 90025. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 32.

33.    Defendants admit that there is a relationship between Glas, Inc. and Glas, LLC. Defendants admit that Glas, Inc. is an operating company and Glas, LLC holds certain trademark intellectual property rights. Glas admits that Exhibit I to the Complaint purports to be photos of a shipping label and packing slip. Glas admits that "Glas, LLC" appears on the top left of the packing slip and "Glas, Inc." appears at the top left of the shipping label in Exhibit I to the Complaint. Defendants deny that Glas, LLC is responsible for any shipping and/or sales of any Accused Product within the United States. Glas specifically denies that Glas, Inc. and/or Glas, LLC are involved in the infringement of or have committed any act of infringement of any valid and enforceable patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 33.

34.    Denied.

35.    Defendants admit that the Complaint purports to bring infringement claims against Glas products, including a Glas Device and Glas Pods (collectively the "Glas System" or "Accused Products"), but deny that Defendants, nor any of the Accused Products infringe any valid patent right of Plaintiffs, including the Asserted Patents. Glas admits that Paragraph 35 cites to certain webpages of Defendants' website, which webpages speak for themselves. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 35.

36.    Defendants admit that Paragraph 36 includes images of Glas products from Glas's website. To the extent Paragraph 36 contains allegations that Defendants infringe any valid patent right of Plaintiffs, including the Asserted Patents, Defendants deny the same. Defendants deny any remaining allegations of Paragraph 36.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

37. Defendants admit that Glas, Inc. has sold Glas devices and Glas Pods separately. Glas admits that Paragraph 37 cites to Glas's webpage, which webpage speaks for itself. Glas denies that instructions are provided in the packaging of Glas Pods explaining how to use the Glas Pods with the Glas Device.  Except as expressly admitted, Glas denies the allegations contained in Paragraph 37.

38. Denied.

39. Denied.

## III.  JURISDICTION AND VENUE

40. Defendants do not dispute that, for purposes of this action only, this Court has subject matter jurisdiction, but Defendants deny that they have committed any act of infringement of any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 40.

41. Defendants do not dispute that, for purposes of this action only, venue in this judicial district is proper, but deny that Defendants have committed any act of infringement of any valid patent right Plaintiffs including the Asserted Patents, in this judicial district, or anywhere else in the United States. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 41.

42. Defendants do not dispute that Defendants' principal place of business is located in this judicial district, but deny that Defendants have committed any act of infringement of any valid patent right of Plaintiffs, including the Asserted Patents, in this judicial district or anywhere else in the United States. Defendants admit that their principal place of business is located within this judicial district. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 42.

43. Denied.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

44.    Defendants do not dispute that, for purposes of this action only, the Court may exercise personal jurisdiction over Defendants, but deny that Defendants have committed any act of infringement of any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 44.

## IV.    THE TECHNOLOGY AND PRODUCTS AT ISSUE

### A. Background of the Technology

45.    Glas admits that the Complaint purports to accuse technology generally related to the design and operation of vaporizer devices, such as ENDS devices, and cartridges used therewith. Defendants deny that any of the Accused Products infringe any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

46.    Defendants admit that Paragraph 46 purports to generally describe Plaintiffs' view of typical elements of ENDS products. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 46.

### B.  Products at Issue

47.    Defendants admit that the Complaint purports to accuse Glas vaporizer devices (such as ENDS devices) and cartridges used therewith, and components thereof. Defendants deny that any of the Accused Products, or any component thereof, infringes any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, Defendants deny the allegations in Paragraph 47.

## V.    THE ASSERTED PATENTS

48.    Defendants admit that the Complaint purports to assert the '722 and '981 patents. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 48.

### A. The '722 Patent

8

49.    Defendants admit that the face of U.S. Patent No. 11,134,722 (the "'722 patent") indicates that it issued on October 5, 2021. Glas lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 49 that the '722 patent was duly and lawfully issued and therefore denies them.

50.    Defendants admit that the Complaint asserts that the '722 patent is set to expire on November 12, 2034. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 50.

51.    Defendants admit that the face of the '722 patent indicates that it is titled "Vaporizer." Defendants admit that the face of the '722 patent indicates that it names Jan Andries Verleue, Dan Recio, Yifeng Lu, Yinjun Zhang, Arturo Fajardo, and Hans Verleur as inventors. Defendants admit that the face of the '722 patent indicates that it issued from U.S. Application No. 16/119,359, filed August 31, 2018. Defendants admit that the face of the '722 patent indicates that its application is a continuation of application No. 14/539,801, filed on Nov. 12, 2014. Defendants admit that the face of the '722 patent indicates that it claims priority to Provisional application No. 62/015,148, filed Jun. 20, 2014, provisional application no. 61/937,851, filed Feb. 10, 2014, and provisional application no. 61/903,344, filed Nov. 12, 2013. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 51.

52.    Defendants admit that Exhibit Q to the Complaint purports to be a copy of the '722 patent. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 52.

53.    Defendants admit that Exhibit R to the Complaint purports to be an assignment record, which speaks for itself. Glas lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies them.

**B. The '981 Patent**

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

54.    Defendants admit that the face of U.S. Patent No. 11,606,981 (the "'981 patent") indicates that it issued on March 21, 2023. Glas lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 that the '981 patent was duly and lawfully issued and therefore denies them. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 54.

55.    Defendants admit that the Complaint asserts that the '981 patent is set to expire on March 22, 2034. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 55.

56.    Defendants admit that the face of the '981 patent indicates that it is titled "Vaporizer." Defendants admit that the face of the '981 patent indicates that it names Jan Andries Verleue, Dan Recio, Yifeng Lu, Yinjun Zhang, Arturo Fajardo, and Hans Verleur as inventors. Defendants admit that the face of the '981 patent indicates that it issued from U.S. Application No. 17/095,567, filed November 11, 2020. Defendants admit that the face of the '981 patent indicates that its application is a continuation of application No. 14/201,267, filed on March 7, 2014 (now Pat. No. 10,980,273). Defendants admit that the face of the '981 patent indicates that Application No. 14/201,267 is a continuation of application No. 14/196,729, filed Mar. 4, 2014, now Pat. No. 10,039,321. Defendants admit that the face of the '981 patent indicates that it claims priority to Provisional application No. 61/937,851, filed Feb. 10, 2014 and provisional application No. 61/903,344, filed on Nov. 12, 2013. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 56.

57.    Defendants admit that Exhibit S to the Complaint purports to be a copy of the '981 patent. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 57.

58.    Defendants admit that Exhibit T to the Complaint purports to be an assignment record, which speaks for itself. Glas lacks sufficient knowledge or

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

information to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies them.

## VI. DEFENDANTS' [ALLEGED] INFRINGEMENT OF THE ASSERTED PATENTS

59. Defendants admit that Plaintiffs assert two grounds of infringement, but deny that Defendants have committed any act of infringement of any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 59.

### A. Count One – [Alleged] Infringement of United States Patent No. 11,134,722

60. Defendants repeat their responses to each preceding paragraph as if fully set forth herein.

61. Denied.

62. Defendants admit that Exhibit U attached to the Complaint purports to be a claim chart, but specifically denies each and every allegation therein. Defendants admit that Glas, Inc. offers the Accused Products for sale in this judicial district and elsewhere in the United States, but denies that any of the Accused Products infringe any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### B. Count Two – [Alleged] Infringement of United States Patent No.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

**11,606,981**

70.   Defendants repeat their responses to each preceding paragraph as if fully set forth herein.

71.   Denied.

72.   Defendants admit that Exhibit CC attached to the Complaint purports to be a claim chart, but specifically denies each and every allegation therein. Defendants admit that Glas, Inc. offers the Accused Products for sale in this judicial district and elsewhere in the United States, but denies that any of the Accused Products infringe any valid patent right of Plaintiffs, including the Asserted Patents. Except as expressly admitted, denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

## VII.   ANSWER TO THE DEMAND FOR JURY TRIAL

80.   Defendants admit that the Complaint includes a demand for trial by jury. Defendants also demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## VIII. DEFENDANTS DENY PLAINTIFFS ARE ENTITLED TO THEIR PRAYER FOR RELIEF

Defendants deny all allegations contained in Plaintiffs' Prayer for Relief and Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including any relief sought in paragraphs VIII(1) – (8) of their Prayer for Relief.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

Plaintiffs' Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiffs should take nothing.

## ANSWER TO JURY TRIAL DEMAND

Defendants admit that the Complaint includes a demand for trial by jury. Defendants also demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## DEFENDANTS' FIRST AMENDED DEFENSES

Upon information and belief, and subject to its responses above, Defendants allege and assert the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Defendants bear the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Defendants undertake the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Defendants expressly reserve the right to amend or raise additional defenses pursuant to any scheduling order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE

## (Non-Infringement)

Defendants do not infringe and have not infringed the Asserted Patents directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the Asserted Patents. Defendants incorporate by reference Counterclaims I and II, below. Additionally, while JUUL purports to assert infringement of claims 1, 2, 5, 6, 8, 9, 10, 11, 13, 14-16, 17, and 18, the alleged infringement chart JUUL attached to its Complaint as Exhibit CC only charts independent claim 1, dependent claim 10 (which depends from uncharted claim 9), and dependent claim 15 (which depends from uncharted claim 13). JUUL has thus failed to

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

demonstrate Glas's purported infringement of claims 10 and 15 because it provides no evidence regarding the independent claims from which they depend.

## SECOND DEFENSE

### (Limitation on Equivalents)

To the extent that Plaintiffs assert infringement of any Asserted Patent under the doctrine of equivalents, such doctrine is barred by prosecution history estoppel, the Festo bar, ensnarement, and/or claim vitiation.

## THIRD DEFENSE

### (Invalidity)

The claims of the Asserted Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256. The claims of the Asserted Patents are also invalid for failure to comply with any judicially-created doctrine, including without limitation, double patenting. Defendants incorporate by reference Counterclaims III and IV, below.

## FOURTH DEFENSE

### (Statutory Limit on Damages)

Plaintiffs' claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## FIFTH DEFENSE

### (No Willful Infringement)

Plaintiffs are not entitled to enhanced or increased damages for willful infringement because Defendants have not engaged in any conduct that meets the applicable standard for willful infringement.

## SIXTH DEFENSE

### (No Exceptional Case)

Plaintiffs cannot prove that this is an exceptional case justifying award of attorney's fees against Defendants pursuant to 35 U.S.C. § 285.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

**SEVENTH DEFENSE**

**(Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

**EIGHTH DEFENSE**

**(Prosecution History Estoppel)**

Plaintiffs' claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the Asserted Patents.

**NINTH DEFENSE**

**(No Injunctive Relief)**

Plaintiffs' claims for relief are barred in whole or in part because Plaintiffs are not entitled to injunctive relief. Any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

**TENTH DEFENSE**

**(Unenforceability Due to Inequitable Conduct)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of inequitable conduct, as further detailed in Count V of their Counterclaims, below, which is incorporated herein by reference. Upon information and belief, the Asserted Patents are unenforceable because Plaintiffs, and one or more individuals at their direction or control associated with the prosecution of the Asserted Patents engaged in inequitable conduct by knowingly and intentionally making material misrepresentations and/or omissions to the United States Patent and Trademark Office ("USPTO") with the specific intent to deceive the USPTO. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc). More specifically, upon information and belief, those persons made

15

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

material misrepresentations and withheld information from the USPTO by failing to disclose material prior art of which they were aware, and which further demonstrates that they did not invent the subject matter claimed. The only reasonable inference is that these false statements and omissions were made with an intent to deceive the USPTO. Defendants incorporate by reference Counterclaim V, below.

## ELEVENTH DEFENSE

## (Res Judicata, Collateral Estoppel, and Preclusion under the Kessler Doctrine)

To the extent there is an adjudication on the merits prior to trial with regard to any of the Asserted Patents, Plaintiffs' claims are barred in whole or in part because they are precluded by res judicata, collateral estoppel, issue and claim preclusion, and the Kessler doctrine.

## FIRST AMENDED COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Glas, Inc. ("Glas") alleges as follows and asserts the following Counterclaims against Counterclaim-Defendants JUUL Labs, Inc. and VMR Products LLC ( "JUUL" or "Counterclaim-Defendants").

## I.    THE PARTIES

1.    Glas, Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 8501 S. La Cienega Boulevard, Inglewood, California 90301.

2.    On information and belief and based on the representations in the Complaint, JUUL Labs, Inc. is a privately held corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1000 F Street NW Washington, D.C. 20004.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

3.     On information and belief and based on the representations in the Complaint, VMR Products LLC is a privately held corporation organized under the laws of the state of Florida, with its principal place of business at 1000 F Street NW Washington, D.C. 20004, and is a wholly owned subsidiary of JUUL Labs, Inc.

## II.    JURISDICTION AND VENUE

4.     These counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction under 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 2201-02.

5.     This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6.     This Court has personal jurisdiction over JUUL, as JUUL has consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

7.     JUUL has consented to venue in this Court by bringing this action against Glas, and thus venue for Glas's counterclaims is proper in this district. Venue is also proper under 28 U.S.C. § 1391(b).

8.     JUUL has filed suit in this Court against Glas for alleged infringement of one or more claims of the Asserted Patents in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, et seq. between JUUL, on the one hand, and Glas, on the other, concerning the alleged infringement by Glas of the Asserted Patents.

9.     Glas denies that it directly or indirectly infringes any asserted, valid, and enforceable claim of the Asserted Patents. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Asserted Patents.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

## <u>COUNT I – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,134,722</u>

10.    Glas realleges each preceding paragraph of its Counterclaims as though fully set forth herein.

11.    On information and belief and based on the representations set forth in the Complaint, JUUL is the assignee and owner of all substantial rights in the '722 Patent.

12.    JUUL alleges that Glas has infringed and continues to infringe at least Claim 1 of the '722 Patent under 35 U.S.C. § 271(a).

13.    Glas denies that it infringes any asserted, valid claim of the '722 Patent.

14.    Glas does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any asserted claim of the '722 Patent, including but not limited to claims 1, 10, and 15, at least because Glas does not make, use, sell, or offer to sell any product, system, platform, or service that comprises, for example: (i) "A vaporizer comprising: a battery portion comprising a battery housing segment and a cartomizer receiving segment, the cartomizer receiving segment defining a chamber having an insertion end distal from the battery housing segment and a base end proximate to the battery housing segment," (ii) "the battery portion further comprising a plurality of charger electrical contacts to provide electrical charge to a battery housed in the battery housing segment, the charger electrical contacts disposed at a first end of the battery portion opposite the insertion end of the chamber of the cartomizer receiving segment," (iii) "wherein an outer shell is commonly shared by the battery housing segment and the cartomizer receiving segment; and" (iv) "a cartomizer insertable into the chamber at the insertion end, the cartomizer comprising: a body including a structure configured to hold a vaporizable liquid; a wicking element provided within the body and at least

18

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

partially in contact with the vaporizable liquid; and a heating element provided within the body in contact with the wicking element and operable to heat the vaporizable liquid, wherein the wicking element is configured to deliver the vaporizable liquid to the heating element, and wherein the entire heating element is disposed between the insertion end of the chamber and the base end of the chamber when the cartomizer is inserted into the chamber such that the outer shell protects the heating element;" (v) "at least one magnet of the battery portion, the at least one magnet of the battery portion in or proximate to the cartomizer chamber," (vi) "a metal element disposed near a base end of the cartomizer for coupling with the at least one magnet of the battery portion."

15.    For example, and without limitation or prejudice to additional reasons why Glas does not infringe the Asserted Claims, Glas does not make, use, sell, or offer to sell any product, platform, or service, the comprises a vaporizer comprising "a cartomizer insertable into the chamber at the insertion end, the cartomizer comprising: . . . a wicking element provided within the body and at least partially in contact with the vaporizable liquid; . . . wherein the wicking element is configured to deliver the vaporizable liquid to the heating element." JUUL made statements regarding the scope of these claim elements in its interpretation of the prior art asserted in *Certain Vaporizer Devices, Cartridges Used Therewith, and Components Thereof*, Inv. No. 337-TA-1368, EDIS Doc. ID 823071 (ITC June 5, 2024). Specifically, JUUL argued that the prior art reference U.S. Patent No. 8,205,622 ("Pan") did not disclose these claim elements because a "heat equalizer (the purported 'wicking element')" in the prior art was not "configured to deliver any vaporizable liquid to its heating wire (the purported 'heating element')." Rather, JUUL argued that "Pan simply discloses that '[t]he heated equalizer converts the liquid into a form of vapor mist, which is finally drawn into the mo[u]th of the user.'" *Certain Vaporizer Devices, Cartridges Used Therewith, and Components Thereof*, Inv. No. 337-TA-1368,

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

EDIS Doc. ID 823071 (ITC June 5, 2024).  Based on JUUL's interpretation of the claims according to these statements, the Accused Products also do not include a "wicking element" "configured to deliver the vaporizable liquid to the heating element" because its structure for heating and delivering aerosolized e-Liquid is similar to that disclosed in Pan.

16.    For these and other reasons to be established through discovery, Glas denies that it infringes any asserted, valid claim of the '722 Patent.

17.    There is an actual and justiciable controversy between JUUL and Glas arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning JUUL's allegations that Glas infringes the '722 Patent.

18.    Glas is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any asserted, valid, enforceable claim of the '722 Patent.

19.    Absent a declaration that Glas does not infringe any asserted, valid, enforceable claim of the '722 Patent, JUUL will continue to wrongfully assert the '722 Patent against Glas and thereby cause Glas irreparable harm and injury.

## COUNT II – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,606,981

20.    Glas realleges each preceding paragraph of its Counterclaims as though fully set forth herein.

21.    On information and belief and based on the representations set forth in the Complaint, JUUL is the assignee and owner of all substantial rights in the '981 Patent.

22.    JUUL alleges that Glas has infringed and continues to infringe at least Claim 1 of the '981 Patent under 35 U.S.C. § 271(a).

23.    Glas denies that it infringes any asserted, valid claim of the '981 Patent.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

24. Glas does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any asserted claim of the '981 Patent, including but not limited to claims 1, 9, 13, and 17, at least because Glas does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "A vaporizer device comprising: a battery portion having an outer shell and a chamber defined by the outer shell; and" (ii) "a cartomizer having a mouthpiece end and an insertion end disposed opposite the mouthpiece end, the cartomizer comprising: a cartomizer body having a volume defined therein, the volume configured to hold a fluid vaporizable substance, wherein at least a portion of the cartomizer body comprises a translucent material configured to allow viewing of the fluid vaporizable substance, wherein the cartomizer body is configured for insertion into the chamber such that at least part of the volume is positioned in the chamber when the cartomizer body is inserted into the chamber;" (iii) "a heating element and a wicking element within the cartomizer body; an inhalation tube in fluid communication with the heating element and the wicking element; a mouthpiece at or proximate to the mouthpiece end, the mouthpiece in fluid communication with the inhalation tube; and" (iv) "a plurality of cartomizer electrical contacts on an exterior of the insertion end, wherein the plurality of cartomizer electrical contacts is positioned to contact a plurality of battery electrical contacts at a base end of the chamber when the cartomizer body is inserted into the chamber[,]" (v) "the vaporizer device of claim 9, wherein outer shell is commonly shared by the battery housing segment and the cartomizer receiving segment," (vi) "the cartomizer of claim 13, wherein the vaporizable substance comprises a liquid comprising nicotine."

25. For example, and without limitation or prejudice to additional reasons why Glas does not infringe the Asserted Claims, Glas does not make, use, sell, or offer to sell any product, platform, or service, the comprises a

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

vaporizer comprising "a battery portion . . . comprising . . . a cartomizer receiving segment proximate the second end of the battery portion, the cartomizer receiving segment comprising a chamber defined by an outer shell of the battery portion, wherein a window is provided in the outer shell, and wherein the translucent portion of the cartomizer body aligns with the window when the cartomizer body is inserted into the chamber." As set forth below, the Accused Products do not include the claimed "battery portion" at least because there is no window that aligns with any translucent portion of the cartomizer body provided in the portion of the Glas device that comprises a battery.

 

26.    Moreover, for similar reasons discussed above with respect to the '722 Patent, and without limitation or prejudice to additional reasons why Glas does not infringe the Asserted Claims, Glas does not make, use, sell, or offer to

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

sell any product, platform, or service, the comprises a vaporizer comprising "an inhalation tube in fluid communication with the heating element . . ."

27. Additionally, while JUUL purports to assert infringement of claims 1, 2, 5, 6, 8, 9, 10, 11, 13, 14-16, 17, and 18, the alleged infringement chart JUUL attached to its Complaint as Exhibit CC only charts independent claim 1, dependent claim 10 (which depends from uncharted claim 9), and dependent claim 15 (which depends from uncharted claim 13). JUUL has thus failed to demonstrate Glas's purported infringement of claims 10 and 15 because it provides no evidence regarding the independent claims from which they depend.

28. For these and other reasons to be established through discovery, Glas denies that it infringes any asserted, valid claim of the '981 Patent.

29. There is an actual and justiciable controversy between JUUL and Glas arising under the Patent Act, 35 U.S.C. §§ 1, et seq., concerning JUUL's allegations that Glas infringes the '981 Patent.

30. Glas is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any asserted, valid, enforceable claim of the '981 Patent.

31. Absent a declaration that Glas does not infringe any asserted, valid, enforceable claim of the '981 Patent, JUUL will continue to wrongfully assert the '981 Patent against Glas and thereby cause Glas irreparable harm and injury.

## COUNT III – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 11,134,722

32. Glas realleges each preceding paragraph of its Counterclaims as though fully set forth herein.

33. One or more claims of the '722 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

34. By way of example, and in no way limiting the foregoing, one or more claims of the '722 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Application Publication Nos. 2002/0043262; 2002/0078951; 2002/0088469; 2003/0150451; 2003/0226837; 2004/0050382; 2004/0099266; 2004/0200488; 2005/0016550; 2005/0134215; 2005/0172976; 2006/0016453; 2006/0191546; 2006/0196518; 2007/0045288; 2007/0074734; 2007/0125765; 2007/0229025; 2007/0277816; 2007/0283972; 2008/0023003; 2008/0029095; 2008/0257367; 2008/0302374; 2009/0095287; 2009/0095311; 2009/0133691; 2009/0151717; 2009/0188490; 2009/0255534; 2009/0260641; 2009/0260642; 2009/0272379; 2009/0293892; 2009/0302019; 2010/0031968; 2010/0163063; 2010/0194337; 2010/0200008; 2010/0207576; 2010/0242974; 2010/0253279; 2010/0307518; 2011/0005535; 2011/0011396; 2011/0036346; 2011/0041861; 2011/0094523; 2011/0097060; 2011/0155151; 2011/0155153; 2011/0159705; 2011/0168194; 2011/0192397; 2011/0226236; 2011/0226266; 2011/0232654; 2011/0265806; 2011/0277761; 2011/0277780; 2011/0278189; 2011/0290248; 2011/0303231; 2012/0018529; 2012/0048266; 2012/0111346; 2012/0111347; 2012/0118301; 2012/0118307; 2012/0125353; 2012/0174914; 2012/0199146; 2012/0199663; 2012/0204889; 2012/0211015; 2012/0223673; 2012/0234315; 2012/0255546; 2012/0260926; 2012/0260927; 2012/0279512; 2012/0285475; 2012/0291791; 2012/0312313; 2012/0318882; 2012/0325227; 2013/0008457; 2013/0014755; 2013/0014772; 2013/0019887; 2013/0025609; 2013/0037041; 2013/0042865; 2013/0056013; 2013/0068239; 2013/0081642; 2013/0087160; 2013/0104916; 2013/0139833; 2013/0152954; 2013/0167854; 2013/0168880; 2013/0174842; 2013/0180533; 2013/0182421; 2013/0192615; 2013/0192617; 2013/0192618; 2013/0192619; 2013/0192623; 2013/0199528; 2013/0213417; 2013/0213418; 2013/0213419; 2013/0213420; 2013/0220315; 2013/0228191; 2013/0253433; 2013/0255675; 2013/0255702; 2013/0263869; 2013/0276802; 2013/0284192; 2013/0284194; 2013/0288081; 2013/0298905; 2013/0306065;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2013/0306084; 2013/0312742; 2013/0319407; 2013/0319431; 2013/0319435; 2013/0319436; 2013/0319438; 2013/0319439; 2013/0319440; 2013/0323941; 2013/0333700; 2013/0333711; 2013/0336358; 2013/0340775; 2014/0000638; 2014/0007863; 2014/0007891; 2014/0014124; 2014/0014126; 2014/0034070; 2014/0034071; 2014/0041655; 2014/0048086; 2014/0053856; 2014/0053857; 2014/0053858; 2014/0060529; 2014/0060552; 2014/0060556; 2014/0069424; 2014/0069425; 2014/0083442; 2014/0096781; 2014/0096782; 2014/0107815; 2014/0109898; 2014/0109921; 2014/0123989; 2014/0123990; 2014/0130796; 2014/0130797; 2014/0130816; 2014/0130817; 2014/0144453; 2014/0150783; 2014/0150784; 2014/0150785; 2014/0150810; 2014/0158129; 2014/0166028; 2014/0166030; 2014/0174458; 2014/0174459; 2014/0175081; 2014/0182609; 2014/0182610; 2014/0182611; 2014/0182612; 2014/0190477; 2014/0190478; 2014/0190496; 2014/0190501; 2014/0190502; 2014/0190503; 2014/0196716; 2014/0196718; 2014/0196733; 2014/0196735; 2014/0202454; 2014/0202472; 2014/0202474; 2014/0202475; 2014/0202477; 2014/0209105; 2014/0209106; 2014/0209107; 2014/0209108; 2014/0209109; 2014/0224244; 2014/0224267; 2014/0230835; 2014/0238421; 2014/0238422; 2014/0238423; 2014/0190502; 2014/0238424; 2014/0246031; 2014/0246033; 2014/0251324; 2014/0251325; 2014/0251356; 2014/0253144; 2014/0254055; 2014/0261408; 2014/0261474; 2014/0261479; 2014/0261486; 2014/0261487; 2014/0261488; 2014/0261489; 2014/0261490; 2014/0261491; 2014/0261492; 2014/0261493; 2014/0261494; 2014/0261495; 2014/0261498; 2014/0261499; 2014/0261500; 2014/0270727; 2014/0270729; 2014/0270730; 2014/0278250; 2014/0278258; 2014/0283823; 2014/0283855; 2014/0283856; 2014/0283857; 2014/0283858; 2014/0283859; 2014/0290676; 2014/0290677; 2014/0299137; 2014/0299138; 2014/0299139; 2014/0299140; 2014/0299141; 2014/0301721; 2014/0305450; 2014/0305451; 2014/0305452; 2014/0311503; 2014/0311504; 2014/0318560; 2014/0321837; 2014/0332016; 2014/0332017; 2014/0332018; 2014/0332019; 2014/0332020;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2014/0332022; 2014/0334802; 2014/0334803; 2014/0334804; 2014/0338680;
2014/0338684; 2014/0338685; 2014/0345606; 2014/0345630; 2014/0345631;
2014/0345632; 2014/0345633; 2014/0345635; 2014/0352707; 2014/0353856;
2014/0355969; 2014/0360516; 2014/0366894; 2014/0366895; 2014/0366896;
2014/0366897; 2014/0366898; 2014/0366902; 2014/0373833; 2014/0376895;
2014/0378790; 2015/0000682; 2015/0000683; 2015/0007834; 2015/0007835;
2015/0007836; 2015/0013692; 2015/0013695; 2015/0013700; 2015/0013701;
2015/0013702; 2015/0020822; 2015/0020823; 2015/0020824; 2015/0020825;
2015/0020826; 2015/0020827; 2015/0020828; 2015/0020829; 2015/0020830;
2015/0020831; 2015/0020833; 2015/0027454; 2015/0027455; 2015/0027456;
2015/0027457; 2015/0027460; 2015/0027461; 2015/0027462; 2015/0027463;
2015/0027464; 2015/0027465; 2015/0027467; 2015/0027468; 2015/0027469;
2015/0027470; 2015/0027471; 2015/0027472; 2015/0027473; 2015/0034102;
2015/0034103; 2015/0034104; 2015/0034105; 2015/0034106; 2015/0034107;
2015/0040925; 2015/0040927; 2015/0040929; 2015/0047658; 2015/0047659;
2015/0047660; 2015/0047661; 2015/0047662; 2015/0047663; 2015/0053215;
2015/0053216; 2015/0053217; 2015/0053220; 2015/0059779; 2015/0059782;
2015/0059783; 2015/0059784; 2015/0059787; 2015/0068543; 2015/0075545;
2015/0078735; 2015/0083144; 2015/0083145; 2015/0083147; 2015/0090253;
2015/0090256; 2015/0090277; 2015/0090278; 2015/0090279; 2015/0090280;
2015/0090281; 2015/0091501; 2015/0101606; 2015/0101622; 2015/0101623;
2015/0101625; 2015/0101626; 2015/0107609; 2015/0107611; 2015/0114407;
2015/0114410; 2015/0117842; 2015/0118895; 2015/0122252; 2015/0122274;
2015/0128965; 2015/0128966; 2015/0128967; 2015/0128970; 2015/0128971;
2015/0128972; 2015/0128973; 2015/0128974; 2015/0128976; 2015/0128977;
2015/0136153; 2015/0136154; 2015/0136155; 2015/0136156; 2015/0136157;
2015/0136158; 2015/0141093; 2015/0142387; 2015/0144145; 2015/0144147;
2015/0144148; 2015/0150303; 2015/0150305; 2015/0150306; 2015/0150307;

26

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2015/0150308; 2015/0157053; 2015/0157054; 2015/0157055; 2015/0157056;
2015/0163859; 2015/0164138; 2015/0164141; 2015/0164142; 2015/0164143;
2015/0164144; 2015/0164145; 2015/0164146; 2015/0164147; 2015/0167976;
2015/0173124; 2015/0173419; 2015/0173421; 2015/0173422; 2015/0181928;
2015/0181937; 2015/0181939; 2015/0181940; 2015/0181941; 2015/0181943;
2015/0181944; 2015/0181945; 2015/0184846; 2015/0189695; 2015/0189918;
2015/0189919; 2015/0189920; 2015/0196055; 2015/0196056; 2015/0196057;
2015/0196058; 2015/0196059; 2015/0196062; 2015/0200385; 2015/0201674;
2015/0201675; 2015/0208724; 2015/0208725; 2015/0208726; 2015/0208728;
2015/0208729; 2015/0208730; 2015/0208731; 2015/0216232; 2015/0216233;
2015/0216234; 2015/0216235; 2015/0216237; 2015/0217068; 2015/0223521;
2015/0223522; 2015/0223523; 2015/0224268; 2015/0230521; 2015/0237914;
2015/0237916; 2015/0237917; 2015/0237918; 2015/0245654; 2015/0245655;
2015/0245657; 2015/0245658; 2015/0245659; 2015/0245661; 2015/0245665;
2015/0245666; 2015/0245667; 2015/0245668; 2015/0245669; 2015/0250232;
2015/0257441; 2015/0257444; 2015/0257445; 2015/0257446; 2015/0257447;
2015/0257449; 2015/0257451; 2015/0258289; 2015/0272211; 2015/0272217;
2015/0272218; 2015/0272220; 2015/0272221; 2015/0272222; 2015/0272223;
2015/0282525; 2015/0282526; 2015/0282527; 2015/0282529; 2015/0282530;
2015/0289565; 2015/0289567; 2015/0296883; 2015/0296885; 2015/0296886;
2015/0296887; 2015/0296888; 2015/0296889; 2015/0305403; 2015/0305406;
2015/0305407; 2015/0305408; 2015/0305409; 2015/0313275; 2015/0313282;
2015/0313283; 2015/0313284; 2015/0313287; 2015/0313288; 2015/0320114;
2015/0320116; 2015/0327595; 2015/0327596; 2015/0327597; 2015/0328415;
2015/0333552; 2015/0333561; 2015/0335071; 2015/0335074; 2015/0335075;
2015/0342254; 2015/0342255; 2015/0342256; 2015/0342257; 2015/0342259;
2015/0351454; 2015/0351455; 2015/0351456; 2015/0351457; 2015/0357608;
2015/0357839; 2015/0359261; 2015/0359262; 2015/0359263; 2015/0359265;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2015/0366265; 2015/0366266; 2015/0366267; 2015/0374039; 2015/0374040;

2016/0000147; 2016/0000148; 2016/0000149; 2016/0007650; 2016/0007653;

2016/0007654; 2016/0007655; 2016/0015082; 2016/0021930; 2016/0021931;

2016/0021933; 2016/0021934; 2016/0029697; 2016/0029698; 2016/0029699;

2016/0029700; 2016/0044961; 2016/0044962; 2016/0044963; 2016/0044964;

2016/0044965; 2016/0044966; 2016/0044967; 2016/0044968; 2016/0051716;

2016/0053988; 2016/0057811; 2016/0058071; 2016/0058072; 2016/0058073;

2016/0058074; 2016/0073690; 2016/0073691; 2016/0073692; 2016/0073693;

2016/0073694; 2016/0080469; 2016/0081393; 2016/0081395; 2016/0088874;

2016/0089508; 2016/0095352; 2016/0095353; 2016/0095354; 2016/0095355;

2016/0095356; 2016/0095357; 2016/0100632; 2016/0106151; 2016/0106152;

2016/0106154; 2016/0106155; 2016/0106156; 2016/0106936; 2016/0109115;

2016/0113325; 2016/0113326; 2016/0113327; 2016/0120218; 2016/0120220;

2016/0120222; 2016/0120223; 2016/0120224; 2016/0120225; 2016/0120226;

2016/0120228; 2016/0121058; 2016/0128384; 2016/0128385; 2016/0128387;

2016/0128388; 2016/0128390; 2016/0135501; 2016/0135503; 2016/0135507;

2016/0143354; 2016/0143357; 2016/0143359; 2016/0143365; 2016/0150821;

2016/0150824; 2016/0150826; 2016/0150827; 2016/0157523; 2016/0157525;

2016/0174609; 2016/0174611; 2016/0183593; 2016/0183594; 2016/0192705;

2016/0192706; 2016/0198765; 2016/0198766; 2016/0198767; 2016/0198768;

2016/0198769; 2016/0198770; 2016/0205999; 2016/0206000; 2016/0211693;

2016/0213061; 2016/0213066; 2016/0213067; 2016/0219938; 2016/0227840;

2016/0227842; 2016/0235119; 2016/0235120; 2016/0235121; 2016/0235125;

2016/0242463; 2016/0242464; 2016/0242465; 2016/0242466; 2016/0242468;

2016/0249680; 2016/0249682; 2016/0262449; 2016/0262450; 2016/0262451;

2016/0262452; 2016/0262459; 2016/0270442; 2016/0270443; 2016/0270444;

2016/0270445; 2016/0270446; 2016/0278163; 2016/0278431; 2016/0278432;

2016/0278433; 2016/0278434; 2016/0278435; 2016/0278436; 2016/0285983;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2016/0286856; 2016/0286858; 2016/0286859; 2016/0286862; 2016/0286863; 2016/0286864; 2016/0286865; 2016/0295917; 2016/0295918; 2016/0295922; 2016/0295923; 2016/0295924; 2016/0295926; 2016/0302471; 2016/0302485; 2016/0302486; 2016/0309779; 2016/0309783; 2016/0309784; 2016/0309789; 2016/0316818; 2016/0316820; 2016/0316821; 2016/0316822; 2016/0324213; 2016/0324215; 2016/0324218; 2016/0331032; 2016/0331033; 2016/0331038; 2016/0331039; 2016/0331040; 2016/0338402; 2016/0338405; 2016/0338406; 2016/0338411; 2016/0338412; 2016/0345625; 2016/0345627; 2016/0345628; 2016/0345630; 2016/0345631; 2016/0345633; 2016/0345634; 2016/0345636; 2016/0353798; 2016/0353804; 2016/0360784; 2016/0360792; 2016/0360793; 2016/0366927; 2016/0366935; 2016/0366936; 2016/0366937; 2016/0366939; 2016/0366940; 2016/0366941; 2016/0366942; 2016/0366947; 2016/0371437; 2016/0374391; 2016/0374392; 2016/0374393; 2016/0374398; 2016/0374399; 2016/0374400; 2016/0374401; 2017/0006916; 2017/0006919; 2017/0006920; 2017/0006921; 2017/0013875; 2017/0013876; 2017/0013882; 2017/0013885; 2017/0019951; 2017/0020194; 2017/0020201; 2017/0027221; 2017/0027233; 2017/0027234; 2017/0033568; 2017/0035101; 2017/0035109; 2017/0035111; 2017/0035114; 2017/0035115; 2017/0035117; 2017/0035118; 2017/0042229; 2017/0042242; 2017/0042243; 2017/0042247; 2017/0042248; 2017/0049149; 2017/0049152; 2017/0049154; 2017/0049155; 2017/0055586; 2017/0055589; 2017/0064999; 2017/0065000; 2017/0071251; 2017/0071252; 2017/0071256; 2017/0071257; 2017/0079110; 2017/0079329; 2017/0079330; 2017/0079331; 2017/0086498; 2017/0086501; 2017/0086502; 2017/0094998; 2017/0094999; 2017/0095000; 2017/0095001; 2017/0095002; 2017/0095003; 2017/0095004; 2017/0095005; 2017/0099880; 2017/0105449; 2017/0105450; 2017/0105452; 2017/0109877; 2017/0112197; 2017/0113819; 2017/0119055; 2017/0119057; 2017/0127724; 2017/0127726; 2017/0135400; 2017/0135401; 2017/0135402; 2017/0135403; 2017/0143038; 2017/0143040; 2017/0143043; 2017/0143917;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2017/0150754; 2017/0150755; 2017/0156400; 2017/0156401; 2017/0156402; 2017/0156403; 2017/0156404; 2017/0157341; 2017/0162979; 2017/0164655; 2017/0164658; 2017/0172207; 2017/0172213; 2017/0181468; 2017/0188629; 2017/0188632; 2017/0188634; 2017/0196264; 2017/0196265; 2017/0196267; 2017/0196271; 2017/0197046; 2017/0202267; 2017/0207499; 2017/0208865; 2017/0208866; 2017/0208870; 2017/0214261; 2017/0215476; 2017/0215484; 2017/0215485; 2017/0222468; 2017/0224014; 2017/0231281; 2017/0231282; 2017/0231284; 2017/0231286; 2017/0233114; 2017/0238611; 2017/0238612; 2017/0238613; 2017/0245554; 2017/0246405; 2017/0250552; 2017/0251719; 2017/0251725; 2017/0251726; 2017/0251727; 2017/0251728; 2017/0258143; 2017/0273358; 2017/0273359; 2017/0290373; 2017/0290998; 2017/0295846; 2017/0295847; 2017/0295848; 2017/0295849; 2017/0311648; 2017/0318860; 2017/0325503; 2017/0325504; 2017/0347706; 2017/0354183; 2018/0049469; 2018/0070649; 2018/0092399; 2018/0103686; and 2018/0303169; U.S. Patent Nos. 995,958; 2,057,353; 3,258,015; 3,918,451; 3,934,117; 4,171,000; 4,745,705; 4,771,796; 4,793,365; 4,811,731; 4,848,374; 4,941,236; 4,947,874; 4,947,875; 4,972,855; 4,993,436; 5,020,548; 5,042,509; 5,050,621; 5,117,482; 5,144,962; 5,224,498; 5,249,586; 5,261,424; 5,269,327; 5,345,951; 5,372,148; 5,479,948; 5,505,214; 5,666,977; 5,682,050; 5,730,158; 5,865,185; 5,865,186; 5,996,589; 6,026,820; 6,040,560; 6,090,082; 6,125,853; 6,155,268; 6,196,218; 6,234,167; 6,322,268; 6,443,146; 6,501,052; 6,516,796; 6,532,965; 6,603,924; 6,701,921; 6,708,846; 6,772,756; 7,173,222; 7,318,435; 7,530,352; 7,579,269; 7,726,320; 7,802,569; 7,832,410; 7,913,688; 8,042,550; 8,156,944; 8,205,622; 8,251,060; 8,322,350; 8,365,742; 8,371,310; 8,375,957; 8,393,331; 8,402,976; 8,479,747; 8,490,628; 8,495,998; 8,499,766; 8,511,318; 8,522,776; 8,528,569; 8,539,959; 8,550,068; 8,550,069; 8,578,942; 8,678,012; 8,689,805; 8,707,965; 8,714,150; 8,714,161; 8,752,545; 8,752,557; 8,757,169; 8,770,187; 8,781,307; 8,794,231; 8,813,759; 8,820,330; 8,851,068; 8,851,081; 8,857,446; 8,863,752;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

8,869,792; 8,794,231; 8,881,737; 8,893,726; 8,897,628; 8,899,239; 8,899,240;
8,905,040; 8,910,639; 8,910,640; 8,910,641; 8,915,254; 8,925,555; 8,931,492;
8,948,578; 8,950,395; 8,955,522; 8,975,764; 8,978,663; 8,991,402; 9,004,073;
9,010,335; 9,016,274; 9,022,026; 9,038,642; 9,046,278; 9,055,617; 9,055,770;
9,060,388; 9,060,548; 9,072,321; 9,072,322; 9,078,472; 9,078,473; 9,078,474;
9,078,475; 9,089,168; 9,095,175; 9,101,729; 9,113,659; 9,131,733; 9,155,336;
9,167,852; 9,185,937; 9,197,726; 9,198,463; 9,198,464; 9,198,466; 9,204,670;
9,215,895; 9,220,302; 9,220,303; 9,220,304; 9,226,525; 9,226,526; 9,247,773;
9,254,002; 9,254,007; 9,271,529; 9,277,768; 9,277,769; 9,282,772; 9,282,773;
9,289,014; 9,295,286; 9,301,548; 9,301,549; 9,308,336; 9,312,687; 9,315,890;
9,320,300; 9,326,547; 9,326,549; 9,332,787; 9,345,269; 9,345,541; 9,350,102;
9,351,522; 9,364,025; 9,364,027; 9,364,800; 9,379,364; 9,380,812; 9,386,805;
9,408,416; 9,414,627; 9,414,628; 9,420,829; 9,420,831; 9,423,152; 9,427,022;
9,427,023; 9,427,024; 9,427,025; 9,427,026; 9,439,455; 9,439,456; 9,440,035;
9,451,790; 9,451,793; 9,456,632; 9,456,633; 9,459,021; 9,462,832; 9,474,305;
9,480,285; 9,480,286; 9,497,994; 9,497,995; 9,497,997; 9,497,998; 9,497,999;
9,498,588; 9,504,279; 9,510,624; 9,516,898; 9,521,867; 9,526,272; 9,526,273;
9,532,598; 9,532,599; 9,532,601; 9,532,602; 9,532,604; 9,538,781; 9,538,787;
9,538,789; 9,549,572; 9,549,573; 9,554,596; 9,554,597; 9,555,203; 9,560,882;
9,572,372; 9,572,373; 9,572,374; 9,578,898; 9,591,876; 9,596,881; 9,596,884;
9,596,885; 9,596,886; 9,596,887; 9,603,198; 9,603,386; 9,603,387; 9,603,389;
9,603,390; 9,609,893; 9,615,605; 9,615,607; 9,622,511; 9,627,661; 9,629,391;
9,629,394; 9,635,886; 9,642,396; 9,642,397; 9,645,134; 9,648,905; 9,661,878;
9,668,517; 9,668,522; 9,668,523; 9,675,108; 9,675,113; 9,675,114; 9,675,116;
9,675,117; 9,675,118; 9,681,687; 9,682,204; 9,687,027; 9,687,028; 9,687,029;
9,693,586; 9,693,587; 9,693,588; 9,695,033; 9,700,074; 9,700,075; 9,700,076;
9,713,346; 9,717,274; 9,717,275; 9,717,276; 9,717,278; 9,717,279; 9,723,872;
9,723,873; 9,723,874; 9,723,875; 9,723,876; 9,730,471; 9,738,622; 9,743,691;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

9,781,953; 9,788,576; 9,795,168; 9,801,413; 9,814,263; 9,814,265; 9,820,508; 9,844,234; 9,861,135; 9,913,493; 9,918,496; 9,930,915; 9,956,357; 9,974,743; 9,986,762; 9,999,250; 10,039,321; 10,058,122; 10,058,124; 10,085,481; 10,111,467; 10,143,233; and 10,195,370; U.S. Design Patent Nos. D590,990; D675,777; D688,415; D695,450; D718,492; D720,094; D720,095; D720,496; D720,497; D720,882; D720,883; D725,310; D728,855; D729,366; D743,099; D744,419; D747,546; D749,261; D749,505; D750,320; D750,835; D752,278; D752,279; D752,280; D754,917; D762,003; D763,502; D776,337; D778,492; D780,372; D788,697; D800,383; and D804,090; Foreign Patent Documents AU2017202891; CA2641869; CA2846286; CN1942114; CN201018927; CN201104488; CN100589726; CN201408820; CN201430916; CN101861691; CN101869356; CN201781984; CN202004499; CN102754924; CN202566289; CN202603608; CN202890462; CN202941411; CN202941411; CN203040683C; CN203087525; CN203087525; CN203152489; CN203152489; CN203168035; CN203168035; CN203182012; CN203182012; CN103349363; CN203327953; CN102727969; CN203467677; CN103750571; CN203538385; CN204070533; CN204120231; CN204180941; CN204217907; CN204466899; CN204466899; DE19619536; DE102006004484; EP0358114; EP0845220; EP0845220; EP2110033; EP2113178; EP2260733; EP2399636; EP2399636; EP2614731; EP2654471; EP2862457; EP2944206; EP2952110; EP2989912; EP3012213; EP3015010; EP3023016; EP2967154; EP3456214; EP3469934; GB2264237; GB2266466; JP2001161819; JP2009213428; JP2011024430; KR101011453; KR101011453; KR20120008751; KR20120113519; KR20130106741; KR20130107658; KR101357574; KR101570876; TW201436722; TW201438608; WO9817131; WO2000005976; WO2003061716; WO2003103387; WO2004080216; WO2006021153; WO2007066374; WO2007078273; WO2008077271; WO2008087161; WO2009003204; WO2010118644; WO2010140841; WO2010145805;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

WO2011010334; WO2011125058; WO2012043941; WO2012059726; WO2012062600; WO2012072762; WO2012085205; WO2012088675; WO2012091249; WO2012100523; WO2012129812; WO2012134117; WO2012173322; WO2012174677; WO2013012157; WO2013020220; WO2013034453; WO2013040193; WO2013044537, WO2013068100; WO2013076750, WO2013083635; WO2013083636; WO2013089358; WO2013089551; WO2013093695; WO2013093695; WO2013098397; WO2013098397; WO2013110208; WO2013110209; WO2013110210; WO2013113173; WO2013113174; WO2013113612; WO2013116567; WO2013116983; WO2013131763; WO2013142678; WO2013155645; WO2013159245; WO2013171206; WO2013174001; WO2014008646; WO2014020953; WO2014023171; WO2014032280; WO2014040915; WO2014047948; WO2014047955; WO2014071747; WO2014101119; WO2014101401; WO2014101734; WO2014110750; WO2014110761; WO2014113949; WO2014121509; WO2014125340; WO2014127446; WO2014134781; WO2014139609; WO2014139609; WO2014146270; WO2014150979; WO2014161181; WO2014166039; WO2014169437; WO2014169667; WO2014186983; WO2014198042; WO2014201610; WO2014201611; WO2014201666; WO2014201668; WO2014205749; WO2014205780; WO2014205807; WO2014206148; WO2015000125; WO2015000180; WO2015003327; WO2015003372; WO2015003374; WO2015006929; WO2015010242; WO2015010277; WO2015010284; WO2015010291; WO2015010310; WO2015010336; WO2015010345; WO2015013890; WO2015013891; WO2015013892; WO2015013926; WO2015013950; WO2015013967; WO2015017971; WO2015018026; WO2015018120; WO2015021612; WO2015021646; WO2015021651; WO2015021652; WO2015021655; WO2015021658; WO2015024239;; WO2015024247; WO2015026081; WO2015027383; WO2015027435;

33

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

| | | | |
|---|---|---|---|
| WO2015027436; | WO2015027470; | WO2015032050; | WO2015032055; |
| WO2015032078; | WO2015032093; | WO2015035510; | WO2015035547; |
| WO2015035557; | WO2015035587; | WO2015035623; | WO2015035689; |
| WO2015037925; | WO2015039275; | WO2015039280; | WO2015039332; |
| WO2015042790; | WO2015042811; | WO2015042848; | WO2015042943; |
| WO2015051509; | WO2015051538; | WO2015054815; | WO2015054862; |
| WO2015055314; | WO2015058340; | WO2015058387; | WO2015062041; |
| WO2015066136; | WO2015066927; | WO2015070398; | WO2015070405; |
| WO201507170; | WO2015073564; | WO2015074187; | WO2015074265; |
| WO2015077998; | WO2015077999; | WO2015078010; | WO2015079197; |
| WO2015082560; | WO2015082560; | WO2015089711; | WO2015106434; |
| WO2015106440; | WO2015107552; | WO2015109476; | WO2015109532; |
| WO2015109540; | WO2015109618; | WO2015117285; | WO2015120588; |
| WO2015120591 | WO2015120623; | WO2015123831; | WO2015128499; |
| WO2015137815; | WO2015143637; | WO2015143648; | WO2015143749; |
| WO2015143765; | WO2015144057; | WO2015149311; | WO2015149330; |
| WO2015149332; | WO2015149338; | WO2015149368; | WO2015149403; |
| WO2015149406; | WO2015154309; | WO2015154619; | WO2015157891; |
| WO2015157893; | WO2015157900; | WO2015157901; | WO2015157928; |
| WO2015158522; | WO2015158548; | WO2015161406; | WO2015161407; |
| WO2015161553; | WO2015161555; | WO2015161557; | WO2015165067; |
| WO2015165081; | WO2015165083; | WO2015165086; | WO2015165105; |
| WO2015165146; | WO2015168827; | WO2015168828; | WO2015168853; |
| WO2015168904; | WO2015168912; | WO2015172331; | WO2015172361; |
| WO2015172368; | WO2015174657; | WO2015174708; | WO2015176210; |
| WO2015176230; | WO2015176300; | WO2015176580; | WO2015180027; |
| WO2015180061; | WO201580062; | WO2015180071; | WO2015180088; |
| WO2015180089; | WO2015184590; | WO2015184620; | WO2015184747; |

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

WO2015188295;  WO2015188296;  WO2015189613;  WO2015190810;

WO2015192301;  WO2015192326;  WO2015192336;  WO2015192337;

WO2015192377;  WO2015193456;  WO2015196331;  WO2015196332;

WO2015196357;  WO2015196367;  WO2015196463;  WO2016000113

WO2016000130;  WO2016000136;  WO2016000139;  WO2016000206;

WO2016000207;  WO2016000214;  WO2016000232;  WO2016000233;

WO2016000305;  WO2016008067;  WO2016008096;  WO2016008217;

WO2016009202;  WO2016015196;  WO2016015246;  WO2016015264;

WO2016019353;  WO2016019508;  WO2016019550;  WO2016023173;

WO2016023181;  WO2016023182;  WO2016023183;  WO2016023212;

WO2016023824;  WO2016026104;  WO2016026105;  WO2016026156;

WO2016029344;  WO2016029386;  WO2016029389;  WO2016029468;

WO2016029470;  WO2016029473;  WO2016029567;  WO2016033721;

WO2016033734;  WO2016034100;  WO2016041114;  WO2016041140

WO2016041141;  WO2016041207;  WO2016041209;  WO2016045058;

WO2016049822;  WO2016049823;  WO2016049855;  WO2016049863;

WO2016050246;  WO2016050247;  WO2016054793;  WO2016058139;

WO2016058187;  WO2016059000;  WO2016061729;  WO2016061730;

WO2016061822;  WO2016061859;  WO2016062168;  WO2016065520;

WO2016065521;  WO2016065532;  WO2016065533;  WO2016065596;

WO2016065598;  WO2016065599;  WO2016065606;  WO2016070553;

WO2016071027; and WO2016036236; EP2110034, as well as prior art products, including the product shown in the video available at the link https://www.youtube.com/watch?v=PTfJIsrfqWI ("Elips Video").

35.    For example, and without limitation or prejudice to Glas's ability to raise additional defenses, arguments, or assertion related to invalidity, Exhibit 1 attached hereto sets forth exemplary reasons why the '722 Patent is anticipated and/or obvious over U.S. Patent Publication No. 2014/0190502 to Liu ("Liu

35

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

502"). While JUUL purports to assert infringement of claims 1, 3, 5, 7-9, 10, 11-14, 15, and 16-21, the alleged infringement chart JUUL attached to its Complaint as Exhibit U only charts claims 1, 10, and 15. As such, GLAS's invalidity chart submitted with this counterclaim similarly charts claims 1, 10, and 15. GLAS's charting of these claims is exemplary in nature and not intended to limit in any way GLAS's assertions that each and every Asserted Claim is invalid.

36.    As an additional example, and without limitation or prejudice to Glas's ability to raise additional defenses, arguments, or assertions related to invalidity, Exhibit 2 attached hereto sets forth exemplary reasons why the '722 Patent is anticipated and/or obvious over the product shown in the Elips Video. While JUUL purports to assert infringement of claims 1, 3, 5, 7-9, 10, 11-14, 15, and 16-21, the alleged infringement chart JUUL attached to its Complaint as Exhibit U only charts claims 1, 10, and 15. As such, GLAS's invalidity chart submitted with this counterclaim similarly charts claims 1, 10, and 15. GLAS's charting of these claims is exemplary in nature and not intended to limit in any way GLAS's assertions that each and every Asserted Claim is invalid.

37.    The '722 Patent also fails to comply with 35 U.S.C. § 112. The '722 Patent is therefore invalid because it recites claim terms, phrases, or limitations that lack enablement or sufficient written description.

38.    An actual controversy exists between Glas on the one hand, and JUUL on the other, based on JUUL having filed the Complaint against Glas alleging infringement of the '722 Patent.

39.    Glas has been injured and damaged by JUUL's lawsuit.

40.    Glas therefore seeks a declaration that the claims of the '722 Patent are invalid.

## COUNT IV – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 11,606,981

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

41. Glas realleges each preceding paragraph of its Counterclaims as though fully set forth herein.

42. One or more claims of the '981 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

43. By way of example, and in no way limiting the foregoing, one or more claims of the '981 Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. US 3,085,145; US 3,918,451; US 3,934,117; US 4,171,000; US 4,745,705; US 4,771,796; US 4,793,365; US 4,811,731; US 4,848,374; US 4,941,236; US 4,947,874; US 4,947,875; US 4,972,855; US 4,993,436; US 5,042,509; US 5,117,482; US 5,144,962; US 5,261,424; US 5,269,327; US 5,479,948; US 5,666,977; US 5,682,050; US 5,865,185; US 6,090,082; US 6,155,268; US 6,322,268; US 6,443,146; US 6,516,796; US 6,532,965; US 6,708,846; US 6,772,756; US 7,173,222 B2; US 7,318,435 B2; US 7,726,320 B2; US 7,802,569 B2; US 7,913,688 B2; US 8,205,622 B2; US 8,251,060 B2; US 8,365,742 B2; US 8,371,310 B2; US 8,522,776 B2; US 8,578,942 B2; US 8,689,805 B2; US 8,714,161 B2; US 8,752,545 B2; US 8,794,231 B2; US 8,869,792 B1; US 8,881,737 B2; US 8,893,726 B2; US 8,899,240 B2; US 8,910,639 B2; US 8,948,578 B2; US 8,955,522 B1; US 8,978,663 B2; US 8,991,402 B2; US 9,010,335 B1; US 9,055,770 B2; US 9,072,321 B2; US 9,072,322 B2; US 9,078,472 B2; US 9,078,474 B2; US 9,078,475 B2; US 9,089,168 B2; US 9,095,175 B2; US 9,101,729 B2; US 9,113,659 B2; US 9,220,302 B2; US 9,220,303 B2; US 9,247,773 B2; US 9,254,007 B2; US 9,277,768 B2; US 9,289,014 B2; US 9,308,336 B2; US 9,315,890 B1; US 9,326,547 B2; US 9,345,541 B2; US 9,351,522 B2; US 9,364,800 B2; US 9,380,812 B2; US 9,386,805 B2; US 9,420,829 B2; US 9,420,831 B2; US 9,423,152 B2; US 9,439,456 B2; US 9,456,633 B2; US 9,498,588 B2; US 9,504,279 B2; US 9,516,898 B2; US 9,526,272 B2; US 9,532,601 B2; US

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

9,555,203 B2; US 9,578,898 B2; US 9,591,876 B2; US 9,603,390 B2; US 9,609,893 B2; US 9,615,607 B2; US 9,622,511 B2; US 9,629,391 B2; US 9,629,394 B2; US 9,642,397 B2; US 9,675,114 B2; US 9,675,117 B2; US 9,687,027 B2; US 9,687,029 B2; US 9,717,275 B2; US 9,717,276 B2; US 9,723,874 B2; US 9,723,875 B2; US 9,730,471 B2; US 9,738,622 B2; US 9,743,691 B2; US 9,781,953 B2; US 9,795,168 B2; US 9,801,413 B2; US 9,814,263 B2; US 9,814,265 B2; US 9,820,508 B2; US 9,844,234 B2; US 9,861,135 B2; US 9,918,496 B2; US 9,974,743 B2; US 9,986,762 B2; US 9,999,250 B2; US 10,039,321 B2; US 10,058,122 B2; US 10,058,124 B2; US 10,085,481 B2; US 10,111,467 B1; US 10,143,233 B2; US 10,195,370 B2; USD 590,990; USD 675,777; USD 688,415; USD 718,492; USD 750,320; USD 750,835; USD 752,280; US9386805; US 9,408,416; US 9,420,831; US 9,427,022; US 9,532,601; US 9,609,893; US 9,675,114; US 9,820,509; US 9,861,138; US 9,901,120; US 10,092,713; US 10,143,242; US 11,229,239; U.S. Patent Application Publication Nos. 2002/0043262, 2002/0043262; 2002/0078951; 2002/0088469; 2003/0226837; 2004/0050382; 2005/0016550; 2005/0134215; 2007/0045288; 2007/0074734; 2007 /0229025; 2007/0277816; 2007/0283972; 2008/0023003; 2008/0029095; 2008/0257367; 2008/0302374; 2009/0095287; 2009/0133691; 2009/0272379; 2009/0293892; 2009/0302019; 2010/0031968; 2010/0194337; 2010/0200008; 2010/0207576; 2010/0253279; 2011/0036346; 2011/0159705; 2011/0192397; 2011/0226236; 2011/0226266; 2011/0265806; 2011/0277761; 2011/0278189; 2011/0303231; 2012/0018529; 2012/0048266; 2012/0174914; 2012/0199146; 2012/0199663; 2012/0223673; 2012/0255546; 2012/0312313; 2012/0318882; 2012/0325227; 2013/0014772; 2013/0037041; 2013/0042865; 2013/0056013; 2013/0087160; 2013/0104916; 2013/0168880; 2013/0174842; 2013/0182421; 2013/0192617; 2013/0192623; 2013/0213420; 2013/0220315; 2013/0228191; 2013/0253433; 2013/0255675; 2013/0255702; 2013/0284194; 2013/0288081; 2013/0298905; 2013/0306084;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2013/0312742; 2013/0319431; 2013/0319435; 2013/0323941; 2013/0333711; 2014/0000638; 2014/0014124; 2014/0034071; 2014/0041655;  2014/0053856; 2014/0053857;  2014/0060552; 2014/0060556; 2014/0076310;  2014/0096781; 2014/0096782; 2014/0123989; 2014/0150783; 2014/0150784; 2014/0150785; 2014/0158129; 2014/0166030; 2014/0174458; 2014/0182610; 2014/0182612; 2014/0190477; 2014/0190496; 2014/0202454; 2014/0209109; 2014/0216484; 2014/0224244; 2014/0230835; 2014/0253144; 2014/0261487; 2014/0261488; 2014/0261490; 2014/0261492; 2014/0261493;   2014/0261499; 2014/0270729 2014/0270730; 2014/0283823; 2014/0283859; 2014/0290677; 2014/0299137; 2014/0299141; 2014/0190502; 2014/0311503; 2014/0332019; 2014/0332022; 2014/0334802; 2014/0334803; 2014/0334804; 2014/0338685; 2014/0345631; 2014/0353856; 2014/0355969; 2014/0360516; 2014/0366896; 2014/0366898; 2014/0373833; 2014/0376895; 2015/0007836; 2015/0013695; 2015/0020825; 2015/0020831; 2015/0020832; 2015/0027457; 2015/0027460; 2015/0027471; 2015/0034103; 2015/0034104; 2015/0040929; 2015/0047658; 2015/0053220; 2015/0059783; 2015/0059787; 2015/0083147; 2015/0090253; 2015/0090256; 2015/0090278; 2015/0090281; 2015/0091501; 2015/0101625; 2015/0101626; 2015/0118895; 2015/0128967; 2015/0128976; 2015/0128977; 2015/0136158; 2015/0144145; 2015/0144147; 2015/0150305; 2015/0150307; 2015/0157054; 2015/0157055; 2015/0164138; 2015/0164141; 2015/0164142; 2015/0164146; 2015/0164147; 2015/0173422; 2015/0181930; 2015/0181940; 2015/0181943; 2015/0181944; 2015/0189918; 2015/0189919; 2015/0201674;  2015/0208728; 2015/0208730; 2015/0216234; 2015/0216237; 2015/0217068; 2015/0223521; 2015/0223522; 2015/0223523; 2015/0224268; 2015/0230521; 2015/0245659; 2015/0245661; 2015/0245669; 2015/0257441; 2015/0257444; 2015/0257445; 2015/0257447; 2015/0258289; 2015/0272217; 2015/0282525; 2015/0282526; 2015/0282529; 2015/0282530; 2015/0289565; 2015/0296885; 2015/0296888; 2015/0296889; 2015/0305407; 2015/0305409; 2015/0313282; 2015/0313283;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

2015/0320116; 2015/0327596; 2015/0333552; 2015/0333561; 2015/0335071; 2015/0335075; 2015/0342255; 2015/0351454; 2015/0351455; 2015/0351456; 2015/0357608; 2016/0000147; 2016/0007653; 2016/0015082; 2016/0021933; 2016/0029697; 2016/0029699; 2016/0044962; 2016/0044965; 2016/0044966; 2016/0051716; 2016/0057811; 2016/0058074; 2016/0073690; 2016/0073694; 2016/0081395; 2016/0095352; 2016/0106936; 2016/0113326; 2016/0120226; 2016/0128384; 2016/0128388; 2016/0143365; 2016/0150824; 2016/0157523; 2016/0198767; 2016/0198768; 2016/0198770; 2016/0205999; 2016/0219938; 2016/0242463; 2016/0242466; 2016/0249682; 2016/0270442; 2016/0270446; 2016/0278435; 2016/0278436; 2016/0286865; 2016/0302471; 2016/0302485; 2016/0302486; 2016/0309779; 2016/0309789; 2016/0338411; 2016/0345628; 2016/0353804; 2016/0360784; 2016/0374393; 2017/0006916; 2017/0013875; 2017/0013876; 2017/0013882; 2017/0013885; 2017/0027221; 2017/0035109; 2017/0042229; 2017/0042242; 2017/0042248; 2017/0049149; 2017/0049152; 2017/0071251; 2017/0071256; 2017/0086501; 2017/0099880; 2017/0135401; 2017/0143038; 2017/0143040; 2017/0157341; 2017/0164655; 2017/0188629; 2017/0197046; 2017/0202267; 2017/0207499; 2017/0208865; 2017/0208866; 2017/0208870; 2017/0214261; 2017/0215476; 2017/0222468; 2017/0224014; 2017/0231284; 2017/0238611; 2017/0245554; 2017/0246405; 2017/0251725; 2017/0273359; 2017/0295847; 2017/0325504; 2017/0347706; 2004/0182403; 2009/0255534; 2009/0126745; 2010/0031968; 2012/0285475; 2013/0037041; 2013/0042865; 2013/0081642; 2013/0192623; 2013/0319438; 2014/0150783; 2014/0190502; 2014/0224267; 2014/0261495; 2013/0228191; 2016/0345631; and US Prov. App. 61/124,114; Foreign Patent Documents CN202919037; CN203015840;  CN203058295;  CN203182014;  CA2641869;  CN1196660; CN201104488; CN100589726; CN201403497; CN201408820; CN201430916; CN201491720; CN101861691; CN101869356; CN102014677; CN201781984; CN202004499; CN202566289; CN202603608; CN202890462; CN202941411;

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

CN203040683; CN203087525; CN203152489; CN203168035; CN203182012; CN203182014; CN102727969; CN203467677; CN203538385; CN204070533; CN204120231; CN204180941; CN204217907; CN204466899; DE19619536; DE102006004484; DE202012004792; DE102012100831; EP0358114; EP0845220; EP2113178; EP2399636; EP2489391; EP2614731; EP2654471; EP2967154; EP3456214; EP3469934; GB2264237; GB2266466; KR101011453; KR200454110; KR20110006928; KR200457340; KR20120074625; KR20120113519; KR20120008751; KR20130106741; KR20130107658; TW201315397; WO2003061716; WO2003103387; WO2004080216; WO2008077271; WO2008138650; WO2009132793; WO2010118644; WO2010140841; WO2011125058; WO2011160788; WO2012043941; WO2012059726; WO2012062600; WO2012173322; WO2013020220; WO2013025921; WO2013040193; WO2013044537; WO2013068100; WO2013076750; WO2013083635; WO2013083636; WO2013089358; WO2013093695; WO2013098397; WO2013110208; WO2013110209; WO2013110210; WO2013113173; WO2013113174; WO2013116567; WO2013116983; WO2013171206; WO2013174001; WO2014008646; WO2014047948; WO2014071747; WO2014101401; WO2014101734; WO2014110750; WO2014121509; WO2014127446; WO2014139609; WO2014150979; WO2014161181; WO2014169667; WO2015024239; WO2015027383; WO2015027435; WO2015027470; WO2015032093; WO2015037925; WO2015051538; WO2015054862; WO2015066136; WO2015066927; WO2015070398; WO2015070405; WO2015071703; WO2015074187; WO2015074265; WO2015079197; WO2015082560; WO2015109476; WO2015120588; WO2015120623; WO2015123831; WO2015143648; WO2015149330; WO2015149332; WO2015149406; WO2015154309; WO2015157891; WO2015157893; WO2015157900; WO2015158548; WO2015161406; WO2015161553;

WO2015165081;   WO2015165086;   WO2015165105;   WO2015168912; WO2015176230;   WO2015176300;   WO2015176580;   WO2015180071; WO2015180088;   WO2015184620;   WO2015184747;   WO2015190810; WO2015192326;   WO2015196332;   WO2016000130;   WO2016000136; WO2016000206;   WO2016000232;   WO2016000233;   WO2016015246; WO2016019353;   WO2016023173;   WO2016023212;   WO2016026104; WO2016026105;   WO2016026156;   WO2016029567;   WO2016033721; WO2016041114;   WO2016041140;   WO2016041141;   WO2016041207; WO2016041209;   WO2016045058;   WO2016049822;   WO2016049823; WO2016049855;   WO2016054793;   WO2016058139;   WO2016059000; WO2016061730;   WO2016061822;   WO2016062168;   WO2016065521; WO2016065532;   WO2016065533;   WO2016065596;   WO2016065598; WO2016065599;   WO2016070553;   KR200453400;   CN202697716; KR20110084387;   KR200453424;   KR200457694;   KR200462610; KR20130092251, as well as prior art products, including the product shown in the Elips Video.

44.    For example, and without limitation or prejudice to Glas's ability to raise additional defenses, arguments, or assertion related to invalidity, Exhibit 3 attached hereto sets forth exemplary reasons why the '981 Patent is anticipated and/or obvious over Liu 502. While JUUL purports to assert infringement of claims 1, 2, 5, 6, 8, 9, 10, 11, 13, 14-16, 17, and 18, the alleged infringement chart JUUL attached to its Complaint as Exhibit CC only charts claims 1, 10, and 15. Strangely, while claims 10 and 15 are dependent claims, JUUL failed to provide a chart with the relevant independent claims underlying those dependent claims. Thus, for example, while JUUL purports to demonstrate alleged infringement of claim 10 (which depends from claim 9), JUUL provides no chart detailing how GLAS purportedly satisfies the limitations of claim 9. Out of an abundance of caution, this chart submitted with this counterclaim similarly charts claims 1, 10,

42

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

and 15, but also charts independent claims 9, 13, and 17. GLAS's charting of these claims is exemplary in nature and not intended to limit in any way GLAS's assertions that each and every Asserted Claim is invalid.

45. As an additional example, and without limitation or prejudice to Glas's ability to raise additional defenses, arguments, or assertions related to invalidity, Exhibit 4 attached hereto sets forth exemplary reasons why the '981 Patent is anticipated and/or obvious over the product shown in the Elips Video. While JUUL purports to assert infringement of claims 1, 2, 5, 6, 8, 9, 10, 11, 13, 14-16, 17, and 18, the alleged infringement chart JUUL attached to its Complaint as Exhibit CC only charts claims 1, 10, and 15. Strangely, while claims 10 and 15 are dependent claims, JUUL failed to provide a chart with the relevant independent claims underlying those dependent claims. Thus, for example, while JUUL purports to demonstrate alleged infringement of claim 10 (which depends from claim 9), JUUL provides no chart detailing how GLAS purportedly satisfies the limitations of claim 9. Out of an abundance of caution, this chart submitted with this counterclaim similarly charts claims 1, 10, and 15, but also charts independent claims 9, 13, and 17. GLAS's charting of these claims is exemplary in nature and not intended to limit in any way GLAS's assertions that each and every Asserted Claim is invalid.

46. The '981 Patent also fails to comply with 35 U.S.C. § 112. The '981 Patent is therefore invalid because it recites claim terms, phrases, or limitations that lack enablement or sufficient written description.

47. An actual controversy exists between Glas on the one hand, and JUUL on the other, based on JUUL having filed the Complaint against Glas alleging infringement of the '981 Patent.

48. Glas has been injured and damaged by JUUL's lawsuit.

49. Glas therefore seeks a declaration that the claims of the '981 Patent are invalid.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

## COUNT V – UNENFORCEABILITY OF THE ASSERTED PATENTS DUE TO INEQUITABLE CONDUCT

50.     Glas realleges each preceding paragraph of its Counterclaims as though fully set forth herein.

51.     The Asserted Patents are unenforceable due to inequitable conduct committed during prosecution of the Asserted Patents before the United States Patent and Trademark Office ("USPTO").

52.     The '722 Patent issued from U.S. Patent Application No. 16/119,359, filed August 31, 2018.  The '981 Patent issued from U.S. Patent Application No. 17/095,567, filed November 11, 2020. The '722 Patent and the '981 Patent both claim priority to Provisional Application No. 61/903,344 and Provisional Application No. 61/937,851.

53.     On information and belief and based on the representations in the Complaint, the applications that issued as the '722 Patent and the '981 Patent were assigned to VMR Products LLC during prosecution.

54.     During prosecution of the Asserted Patents, one or more individuals, including the named inventors and prosecuting attorney(s) owed a duty of candor and good faith to the USPTO pursuant to 37 C.F.R. § 1.56.

55.     One or more individuals, including the named inventors and prosecuting attorney(s) knowingly and with specific intent to deceive the USPTO made material misrepresentations and/or omissions relating to patentability of the Asserted Patents.

56.     Specifically, JUUL and the named inventors, and those at their direction, including the prosecuting attorney(s), withheld prior art publications and falsely represented exclusive inventorship of the Asserted Patents to the USPTO to obtain issuance of the Asserted Patents.

57.     For example, during the prosecution of U.S. Application No. 17/095,567, filed November 11, 2020, which issued in the '981 Patent on March

44

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

21, 2023, and during the prosecution of U.S. Application No. 16/119,359, filed August 31, 2018, which issued in the '722 patent on October 5, 2021, JUUL, its prosecuting attorneys from Mintz Levin Cohn Feris Glovsky and Popeo, P.C., including Nicholas Mouton, Fred Hernandez, Teri Barnett, Micheal D. Van Loy, Elissa M. Kingsland and the named inventors Jan Andries Verleur, Dan Recio, Yifeng Lu, Yinjun Zhang, Arturo Fajardo, and Hans Verleur were aware of prior art publications material to the patentability of the ultimately-issued '981 Patent and '722 Patent, including the Elips Video.

58.    JUUL, the named inventors, and the prosecuting attorney(s) were aware of the Elips Video because the Elips Video was disclosed by JUUL to the USPTO in information disclosure statements during the prosecution of at least sixteen other JUUL patents between June 2019 and January 2025, including U.S. Patent Nos. 10,638,792; 10,667,560; 10,701,975; 10,709,173; 10,865,001; 10,912,333; 10,912,331; 10,986,867; 10,993,471; 11,019,685; 11,452,177; 11,751,605; 11,752,283; 11,992,044; 12,063,973; 12,279,646.

59.    By way of example, Nicholas Mouton was a prosecuting attorney for the patent application that issued in U.S. Patent No. 12,279,646. Nicholas Mouton was aware of the Elips Video because it was disclosed in an information disclosure statement during the prosecution of the patent application that issued in U.S. Patent No. 12,279,646.

60.    Nicholas Mouton was also a prosecuting attorney for U.S. Application No. 16/119,359, which issued in the '722 Patent. Nicholas Mouton did not disclose the Elips Video during prosecution of the '722 Patent. On information and belief, Nicholas Mouton knowingly and intentionally did not disclose the Elips Video during prosecution of the '722 Patent.

61.    JUUL's and its prosecution counsel's knowledge of the Elips Video is further demonstrated because the same law firm, Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., served as prosecution counsel for each of the sixteen

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

patents enumerated above, as well as for the Asserted Patents.

62.    The Elips Video is but for material to the patentability of the '981 Patent as detailed in the chart attached as Exhibit 4 to this Counterclaim.

63.    Specifically, as described above, in the Notice of Allowance, the examiner stated that a patent prior art reference US 2013/0037041 teaches all of the limitations of the pending claims 10 and 24 of the application that issued in the '981 Patent excluding "cartomizer electrical contacts on an exterior of the cartomizer, for which there is no teaching or reasonable suggestion in the prior art to make this modification." '981 Patent File History, Nov. 9, 2022 Notice of Allowance (page 7 of 8). The Elips Video specifically teaches such cartomizer electrical contacts on an exterior of the cartomizer as shown as in the image captured from the Elips Video at timestamp 3:02 below.



64.    The Elips Video is but for material to the patentability of the '722 Patent as detailed in the chart attached as Exhibit 2 to this Counterclaim.

65.    For example, during prosecution, the JUUL and its prosecuting attorneys traversed a rejection over a prior art reference US 2013/0037041 to Worm ("Worm") because it failed to "disclose or suggest a body including a structure configured to hold a vaporizable liquid, a wicking element provided within the body and at least partially in contact with the vaporizable liquid, and a heating element provided within the body in contact with the wicking element and operable to heat the vaporizable liquid, wherein the wicking element is

configured to deliver the vaporizable liquid to the heating element." '722 File History, June 4, 2020 Remarks at p. 7 of 9. Accordingly, the applicant asked that examiner withdraw the objection to claim 1. As detailed in Exhibit 2, the Elips Video discloses and/or renders obvious each and every limitation that JUUL and its prosecuting attorneys identified as material to patentability. For example, the image from the Elips Video below shows the claimed body including a structure that holds vaporizable liquid.



66.    Within that body, as shown in the image below is a wicking element shown by the white material that contacts the vaporizable liquid within the body. Moreover, a heating element is shown within and in contact with the white wicking material, and the white wicking material is configured to deliver the vaporizable liquid to the heating element, which is operable to heat the liquid.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT



67.    The only reasonable inference that may be drawn from JUUL and its prosecution counsel's selective omission of the Elips Video from disclosure during prosecution of the Asserted Patents, while providing that same information during prosecution of other JUUL patents, is that JUUL and its prosecution counsel knew of its materiality to the patentability of the Asserted Patents.

68.    JUUL's intentional, selective omissions were but-for material. Had the USPTO been aware of the Elips Video, it would not have allowed at least one claim of the Asserted Patents as detailed at least in the attached Exhibits 2 and 4.

69.    More specifically, upon information and belief, those persons made misrepresentations and withheld material information from the PTO by (1) naming as inventors individuals who did not invent the claimed subject matter and failing to name the proper inventors, and (2) failing to disclose material prior art of which they were aware, and which further demonstrates that they did not invent the subject matter claims. The only reasonable inference is that these false statements and omissions were made with an intent to deceive the PTO.

70.    In addition, during prosecution of the '722 and '981 Patents, JUUL and its attorneys from Mintz Levin Cohn Feris Glovsky and Popeo, P.C.,

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

including Nicholas Mouton, Fred Hernandez, Teri Barnett, Micheal D. Van Loy, Elissa M. Kingsland disclosed roughly 1,500 and 514 references, respectively, thereby inundating and overwhelming the examiner with references and making their information disclosure statements substantively meaningless. On information and belief, JUUL and its prosecuting attorneys purposefully engaged in this practice in order to obtain patents by preventing the examiner from being able to meaningfully examine the prior art.

71.   An actual controversy exists between Glas on the one hand, and JUUL on the other, based on JUUL having filed the Complaint against Glas alleging infringement of the Asserted Patents.

72.   Glas has been injured and damaged by JUUL's lawsuit.

73.   Glas therefore seeks a declaration that the claims of the Asserted Patents are unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

Glas respectfully requests that this Court enter judgment as follows:

a.   Dismissing JUUL's Complaint against Glas with prejudice, and ordering that JUUL take nothing by its claims;

b.   A judgment in favor of Glas on all its Defenses

c.   Declaring that the Asserted Patents are not infringed;

d.   Declaring that the Asserted Patents are invalid;

e.   Declaring the Asserted Patents unenforceable due to inequitable conduct;

f.   Finding that this action is exceptional under 35 U.S.C. § 285, and that Glas is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

g.   Awarding costs of court to Glas;

h.   Awarding pre- and post-judgment interest on any damages to Glas; and,

49

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

i.      Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, trial by jury on all issues so triable is requested.

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

DATED: January 28, 2026

/s/ *Adam D. Swain*

Adam D. Swain
ALSTON & BIRD LLP
950 F St NW
Washington, D.C. 20004
Telephone: (202) 239-3300
Facsimile: (202) 239-3333

**Attorney for Defendants Glas, Inc. and Glas, LLC**

51

DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record are being served with a copy of **FIRST AMENDED ANSWER TO COMPLAINT** via the Court's CM/ECF system this 28th day of January, 2026

/s/ *Adam D. Swain*

Adam D. Swain